Filed 8/7/14  P. v. Tennant CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL TENNANT,<br><br>    Defendant and Appellant. | B254825<br><br>(Los Angeles County<br>Super. Ct. No. VA048602) |

APPEAL from an order of the Superior Court of Los Angeles County,  William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Following a 1998 jury trial, defendant and appellant, Michael Tennant, was found guilty of first degree residential burglary (Pen. Code, § 459).[1] The jury further determined Tennant previously had been convicted of two serious or violent felonies pursuant to section 667, subdivision (a) and three serious or violent felonies within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced Tennant to a total term of 35 years to life in prison. The judgment was affirmed on appeal (*People v. Tennant* (Oct. 21, 1999, B127319) [nonpub. opn.]).

On July 16, 2013, Tennant, acting in propria persona, filed a motion "for sentence reduction pursuant to Proposition 36."[2] On January 28, 2014, following a hearing held on the matter, the trial court denied the motion with prejudice. We affirm the trial court's order.[3]

## BACKGROUND

In a motion filed in the trial court on July 16, 2013, Tennant, acting in propria persona, asserted a jury had previously found him guilty of first degree burglary, then determined he had suffered three crimes which amounted to "strikes" and two crimes which amounted to serious felony convictions pursuant to section 667, subdivision (a)(1). In view of his prior "strikes," the trial court had sentenced Tennant to 25 years to life for his current offense, a first degree burglary, then imposed an additional 10 years for the prior serious felonies.

In his motion, Tennant argued his prior "strikes," convictions for first degree burglaries, had not actually been proven to be strikes and thus should now be stricken.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The passage of Proposition 36 resulted in the enactment of section 1170.126.

[3] The question whether the trial court's denial of a defendant's section 1170.126 petition or motion is an appealable order is currently pending before the California Supreme Court. (See *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [order is appealable]; *Teal v .Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [order must be challenged by petition for writ].)

Tennant indicated there had been no evidence the burglaries had been committed when "another person, other than an accomplice, was present in the residence . . . ." (§ 667.5, subd. (c)(21).)[4]  However, in order to be a serious or violent felony pursuant to the Three Strikes law, no other person need be present in a residence during a burglary.  For purposes of the Three Strikes law, the term " 'serious felony' " includes any crime listed under subdivision (c) of section  1192.7.  Subdivision (c)(18) indicates "any burglary of the first degree" is a " 'serious felony.' "[5]

At proceedings held on July 24, 2013, the trial court indicated, "[b]ecause of the difficulty that inmates not represented by counsel appear[ed] to be having in calendaring their petition[s] for a hearing, the court ha[d] decided to appoint counsel on its own motion [to represent Tennant]."  The trial court then appointed the Public Defender of Los Angeles County to represent Tennant "in connection with his petition for recall and resentencing."

The trial court heard the matter on January 28, 2014.  The court indicated it had "read and considered the petition for recall of sentence pursuant to . . . section 1170.126 filed by [Tennant] on July 16, 2013."  The court continued:  "[Tennant's] current conviction [is] for first degree burglary (. . . section 459), which is a serious felony pursuant to . . . section 1192.7[, subdivision] (c)(18), making [Tennant] ineligible for resentencing pursuant to . . . section 1170.126[, subdivision] (e)(2).  [¶]  For the foregoing reason, the petition for recall of sentence is denied with prejudice."

On March 5, 2014, Tennant filed a timely notice of appeal from the trial court's order.

---

**4**  Section 667.5, subdivision (c)(21) indicates a first degree burglary becomes a "violent felony" when "another person, other than an accomplice, was present in the residence during the commission of the burglary."

**5**  Section 460 defines first degree burglary as "[e]very burglary of an inhabited dwelling house . . . ."  Section 459 indicates that, "[a]s used in this chapter, 'inhabited' means currently being used for dwelling purposes, whether occupied or not."

**CONTENTIONS**

After examination of the record, counsel appointed to represent Tennant on appeal filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed May 12, 2014, the clerk of this court advised Tennant to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

**REVIEW ON APPEAL**

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

**DISPOSITION**

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

KITCHING, J.

ALDRICH, J.

4